```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

KATHY L. BERRY,                  :
                                 :  NO. 1:10-CV-00435
        Plaintiff,               :
                                 :
                                 :
   v.                            :  **OPINION AND ORDER**
                                 :
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
        Defendant.

This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 13), Plaintiff's Objections (doc. 16), Defendant's Response (doc. 17), Plaintiff's Reply (doc. 22), and Defendant's Response (doc. 23). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DBI") be affirmed and this case be dismissed from the docket of the Court (Id.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Plaintiff filed an application for DIB on August 29, 2002, alleging a disability onset date of March 1, 2002, due to knee, hip, and left arm pain, which Defendant denied initially and subsequently upon reconsideration (Id.). Plaintiff subsequently requested a hearing before an ALJ, which she obtained, and at which

she was represented by counsel (Id.).  The ALJ denied Plaintiff's application on June 2, 2005, following which Plaintiff requested review by the Appeals Council (Id.).  The Appeals Council remanded the matter in part to the ALJ because it found Plaintiff's date last insured had changed from March 31, 2004 to September 30, 2005, resulting in an unadjudicated period of time (Id.).  The Appeals Council further directed the ALJ to further evaluate Plaintiff's functional capacity and opinion evidence (Id.).  The ALJ held a second evidentiary hearing, after which she again denied Plaintiff's DIB application (Id.).  Although the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, history of right knee replacement, generalized anxiety disorder, and a history of substance abuse, she concluded Plaintiff nonetheless had the residual functional capacity to perform simple, routine, repetitive sedentary work allowing her to alternative positions every half hour (Id.).  Accordingly, the ALJ determined that Plaintiff was not under disability and was not entitled to DIB (Id.).  The Appeals Council denied Plaintiff's second request for review, thus making the ALJ's second decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for three reasons (Id.).  First, she argues the ALJ failed to consider the relevant evidence after September 20, 2005 (Id.).  Next, she contends the

ALJ improperly evaluated medical opinions that were focused on Plaintiff's worker's compensation claim (Id.). Finally, she argues the ALJ improperly assessed her credibility (Id.).

Plaintiff reiterates her arguments in her Objections (docs. 16, 22), which Defendant contests (docs. 17, 23). Defendant specifically attacks Plaintiff's assertion that the ALJ "draws a line in the sand and says that evidence after September 20, 2005 will not be considered" (doc. 23).  In Defendant's view, any evidence generated after such date must relate to Plaintiff's residual functional capacity ("RFC") before October 1, 2005, for it to be relevant to Plaintiff's claims (Id.).  Defendant contends later generated records were not probative of Plaintiff's RFC during the time period at issue (Id.). Because September 30, 2005 is Plaintiff's last date insured under the Act, Defendant argues she had to establish disability prior to such date, which she has not done (Id.).

Defendant further argues that Plaintiff's contentions regarding the ALJ's consideration of various medical source opinions should be rejected (Id.). Plaintiff claims the ALJ did not understand the specialized purpose of several examinations and that the ALJ therefore misinterpreted the meaning of the medical reports (doc. 22). However, Defendant indicates that Plaintiff points to no language in the ALJ's decision demonstrating an explicit misinterpretation or misunderstanding of the purpose of

such reports (doc. 23). Specifically, Defendant contends the mere fact that Dr. Fisher's report was for purposes of a worker's compensation claim in no way means such information is not relevant to Plaintiff's RFC (Id.). Finally, Defendant argues Plaintiff's attack on the ALJ's credibility finding should be rejected, because she cites to nothing in the record to back up her accusations (Id.). Defendant contends the ALJ properly considered Plaintiff's lying about alcohol use, her noncompliance, her daily activities, part-time employment and exaggerated self-reporting of symptoms in assessing the credibility of Plaintiff's subjective complaints (Id.). For all of these reasons, Defendant argues the Court should conclude that the Magistrate Judge's decision was supported by substantial evidence and adopt and affirm the Report and Recommendation (Id.).

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. The Court agrees with Defendant that Plaintiff's proffered claims of error are lacking in merit.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to

the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 13), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.

Dated: November 1, 2011         /s/ S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge